It was stated upon the argument, and not denied, that this case is at issue and will soon be reached for trial. Notwithstanding, it is insisted by defendants that they should be permitted to foreclose the Normandie mortgage by action. An independent action, however, is unnecessary, as defendants, upon proper allegations in their answer in this action, if successful in maintaining the validity of that mortgage and the right to enforce it, would obtain more speedily all the relief that could be obtained in a new suit now to be brought.

If the supplemental answer is not sufficient, upon a proper showing and upon such terms as are just, the court at Special Term would no doubt permit the necessary amendments. This, we think, upon the facts appearing, would have been the better course, because affording defendants, if successful, all the relief that could be obtained in an independent action in which the plaintiff would interpose by way of defense the very facts upon which she seeks in this action to have the mortgage declared invalid; and thus there would be two actions pending between the same parties in respect to the right to foreclose the same mortgage. A court of equity never favors multiplicity of suits.

We think the order is right and should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of the Manhattan Railway Company, Respondent, *v.* August Klipstein and Others, Appellants, Relative to Acquiring Title to Certain Real Property in the City of New York.

*Second motion for an additional allowance — when irregular and properly denied.*

Where an order was made denying the defendants' motion for an additional allowance of costs in a proceeding brought under chapter 23 of the Code of Civil Procedure to acquire certain street easements for the use of the plaintiff, a second motion made by the defendants for such additional allowance, if made without leave of the court, is irregular and the motion is properly denied.

APPEAL by the defendants, August Klipstein and others, from an order of the Supreme Court, granted at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1894, denying the defendants' motion for an extra allowance.

*John E. Parsons*, for the appellants.

*Edward C. James*, for the respondent.

FOLLETT, J.:

In January, 1893, the plaintiff began this proceeding, under chapter 23 of the Code of Civil Procedure, to acquire certain street easements for the use of the plaintiff, without having previously made a written offer to purchase the property sought to be acquired at a specific price. The defendants interposed answers denying certain allegations in the petition, and setting up new matters in defense, and the issues joined were, by an order, referred to a referee to hear and determine. The defendants appeared before the referee and objected to proceeding before him, on the ground that he was disqualified from acting as a referee for the reasons then stated. The referee overruled the objections, and the defendants withdrew, but the proofs of the plaintiff were taken, and thereafter the referee reported in favor of the plaintiff upon the issues referred to him. The defendants moved to set aside the report, and the plaintiff for an order appointing commissioners. The defendants' motion was denied, and the plaintiff's granted. In August, 1893, the commissioners awarded the defendants Murphy and McCormack $62,500 and the defendant Klipstein $9,250. The defendants moved for a confirmation of the report of the commissioners and for an additional allowance of costs, which was decided January 17, 1894, the report being confirmed and an additional allowance denied. The court on deciding the motion said :

" The awards in this proceeding to my mind are extremely liberal under the proofs. I cannot adjudge them excessive under the circumstances, the commissioners having had facilities for weighing the evidence superior to those of the court. An extra allowance of $1,800 was granted in the equity suit. None should be given here.

The motion to confirm report is granted and for an extra allowance denied. Orders to be settled on two days' notice."

Afterwards the defendants made a second motion for an additional allowance, which came on to be heard November 21, 1894, and an order was entered denying the motion upon the ground that a previous motion for the same relief was made by the defendants and denied January 17, 1894. From the order of November 21, 1894, the defendants appealed, but they have not appealed from the order entered on the decision of January 17, 1894. The second motion, having been made without leave of the court, was irregular, was rightly denied, and the order entered thereon should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred in the result.

Order affirmed, with costs.

---

In the Matter of the Probate of the Last Will and Testament of LEWIS R. BLAIR, Deceased.

WILLIAM E. BLAIR and Others, Appellants; WILLIAM BLAIR and Others, Respondents.

*Construction of the statute relating to wills — when the intent of the testator is immaterial — signature not at the end of a will.*

The primary rule for the construction of wills, requiring effect to be given if possible to the manifest intention of a testator, cannot be invoked in the construction of the statute relating to their execution. In such cases the courts consider the intention of the Legislature, not that of the testator.

A testator directed the draughtsman who drew his will to write at the bottom of his will the following words:

"I hereby direct my executors to sell at private sale that piece of real estate, with tenements and appurtenances thereto, known as Number —— East One Hundred and Tenth (110) street, in the city of New York, and occupied by Mr. Rosenthal, and the proceeds thereof to be devoted to liquidating any deficiency that may arise in interest or cash bequests made in this will."

Thereupon, in the presence of both attesting witnesses, the testator signed his name and affixed his seal first immediately after the testimonial clause and second at the end of the provision conferring the power of sale upon his executors, and then declared the testament to be his last will and testament, and